1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JIMMIE STEPHEN,

11              Plaintiff,              No. 2:10-cv-01678 KJN P

12        vs.

13   FEDERAL RECEIVER J.C. KELSO,
     et al.,
14
                Defendants.            ORDER
15   _____/

16

17            Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983.  Plaintiff has requested leave to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915, and moves for appointment of counsel and to supplement his

20   complaint.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and

21   Local Rule 302.

22            Plaintiff has submitted a declaration that makes the showing required by

23   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

                                            1

will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to

plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

1   "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

2   notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

3   U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555) (citations and internal quotations marks

4   omitted).  In reviewing a complaint under this standard, the court must accept as true the

5   allegations of the complaint in question,  id., and construe the pleading in the light most

6   favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

7            Subsequent to filing his original complaint (Dkt. No. 1), plaintiff filed a First

8   Amended Complaint (Dkt. No. 5) ("FAC" or "complaint"), which is therefore the operative

9   complaint pursuant to Federal Rule of Civil Procedure 15(a).  In addition, plaintiff has moved to

10  supplement his complaint.  (Dkt. No. 9.)  Reading the First Amended Complaint and Motion to

11  Supplement together, it appears that plaintiff is attempting to assert a claim of deliberate

12  indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the

13  United States Constitution.[1]  Plaintiff appears to challenge several delays in obtaining a

14  _____

15       [1]  Where a prisoner's Eighth Amendment claim arises in the context of medical care, the
    prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate
16  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  An Eighth
    Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need
17  and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050,
    1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133
18  (9th Cir. 1997) (en banc).  A medical need is serious "if the failure to treat the prisoner's
    condition could result in further significant injury or the 'unnecessary and wanton infliction of
19  pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious
    medical need include "the presence of a medical condition that significantly affects an
20  individual's daily activities."  Id. at 1059-60.  By establishing the existence of a serious medical
    need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.
21  Farmer v. Brennan, 511 U.S. 825, 834 (1994).
         If a prisoner establishes the existence of a serious medical need, he must then show that
22  prison officials responded to the serious medical need with deliberate indifference.  Farmer, 511
    U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay,
23  or intentionally interfere with medical treatment, or may be shown by the way in which prison
    officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.
24  1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to
    medical care, however, "the indifference to his medical needs must be substantial.  Mere
25  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
    Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at
26  105-06).  See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere

1  colonoscopy, then a delay in obtaining recommended surgery.  Plaintiff alleges additional

2  problems in obtaining required medications and needed transportation.  Plaintiff appears to allege

3  that these problems are grounded in racism.  Plaintiff names multiple defendants, often in a

4  haphazard or rote fashion, including several Doe defendants, and he seeks both damages and

5  "forthwith surgery."  Both documents, though brief, are densely worded in a run-on fashion that

6  renders the court unable to associate or link plaintiff's allegations of misconduct and legal claims

7  with specific defendants.

8          The complaint does not contain a short and plain statement as required by Federal

9  Rule of Civil Procedure 8(a)(2).  Because plaintiff has failed to comply with these requirements,

10  the First Amended Complaint must be dismissed.  However, the court will grant plaintiff leave to

11  file a Second Amended Complaint that combines the allegations of his First Amended Complaint

12  and Motion to Supplement, and accords plaintiff the opportunity to carefully set forth his

13  allegations in a clear and sequential manner.

14          Although the Federal Rules adopt a flexible pleading policy, a complaint must

15  give fair notice and state the elements of the claims plainly and succinctly.  Jones v. Cmty Redev.

16  Agency, 733 F.2d 646, 649 (9th Cir. 1984).  In a further amended complaint, plaintiff must

17  demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's

18  constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  The complaint must allege in

19  specific terms how each named defendant is involved.  Id.  There can be no liability under 42

20  U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

21  and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson

22  v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff must allege with particularity the overt acts

23

24  negligence in diagnosing or treating a medical condition, without more, does not violate a
    prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate
25  indifference is "a state of mind more blameworthy than negligence" and "requires 'more than
    ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835
26  (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

1  which defendants engaged in that support plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.

2          In addition, vague and conclusory allegations of official participation in civil

3  rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4  "Under Section 1983, supervisory officials are not liable for actions of subordinates on any

5  theory of vicarious liability.  A supervisor may be liable if there exists either (1) his or her

6  personal involvement in the constitutional deprivation, or (2) a sufficient causal connection

7  between the supervisor's wrongful conduct and the constitutional violation."  <u>Hansen v. Black</u>,

8  885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted).

9          While a district court must construe a pro se pleading "liberally" to determine if it

10  states a claim, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000), "[t]hreadbare recitals of

11  the elements of a cause of action, supported by mere conclusory statements, do not suffice."

12  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 555 (2007)).

13  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

14  is plausible on its face.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).

15          Despite these requirements, the federal rules contemplate brevity.  <u>See</u> <u>Galbraith</u>

16  <u>v. County of Santa Clara,</u> 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the

17  circuits have now disapproved any heightened pleading standard in cases other than those

18  governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to

19  simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply,

20  concisely and directly.  <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a)

21  is the starting point of a simplified pleading system, which was adopted to focus litigation on the

22  merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions,

23  argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate

24  possible defenses, summaries, and the like.  <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-78 (9th Cir.

25  1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); <u>see</u>

26  <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the

5

1   Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and

2   defendants) should be able to read and understand plaintiff's pleading within minutes. McHenry,

3   84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained,

4   tenuous or implausible connections to the alleged constitutional injuries, or joining a series of

5   unrelated claims against many defendants, very likely will result in delaying the review required

6   by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil

7   Procedure 41 for violation of these instructions.

8           Plaintiff is informed that the court cannot refer to any prior pleading in order to

9   make plaintiff's Second Amended Complaint complete. Local Rule 220 requires that the

10  amended complaint be complete in itself without reference to any prior pleading. This

11  requirement exists because, as a general rule, an amended complaint supersedes the original

12  complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a First

13  Amended Complaint, none of his prior pleadings or his Motion to Supplement will serve any

14  function in the case. Therefore, the Second Amended Complaint must clearly set forth each

15  claim and the alleged involvement of each defendant.

16                          APPOINTMENT OF COUNSEL REQUEST

17          The court herein denies without prejudice plaintiff's motion for appointment of

18  counsel. Plaintiff alleges that appointment is warranted because plaintiff has limited funds, is not

19  educated in the law, and counsel would be better able to address the complexity of the issues

20  presented by this case, including in conducting discovery and an evidentiary hearing.

21          The United States Supreme Court has ruled that district courts lack authority to

22  require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist.

23  Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the

24  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d

25  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

26  However, in the present case, the court does not find the required exceptional circumstances.

6

1   Therefore, plaintiff's request for the appointment of counsel will be denied at this time.

2             In accordance with the above, IT IS HEREBY ORDERED that:

3             1.  Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is

4   granted.

5             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

8   Director of the California Department of Corrections and Rehabilitation filed concurrently

9   herewith.

10            3.  Plaintiff's First Amended Complaint is dismissed.

11            4.  Plaintiff's Motion to Supplement his First Amended Complaint (Dkt. No. 9) is

12  denied.

13            5.  Plaintiff's Motion for Appointment of Counsel (Dkt. No. 10) is denied without

14  prejudice.

15            6.  Within thirty days after service of this order, plaintiff shall complete the

16  attached Notice of Amendment and submit the following documents to the court:

17            a.  The completed Notice of Amendment; and

18            b.  An original and one copy of the Second Amended Complaint.

19            7.  The Clerk of Court shall send plaintiff the form used in this district for filing a

20  prisoner civil rights complaint.

21            8.  Plaintiff's Second Amended Complaint shall comply with the requirements of

22  the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The

23  amended complaint must bear the docket number assigned to this case and be labeled "Second

24  ////

25  ////

26  ////

1   Amended Complaint."  Failure to file a Second Amended Complaint in accordance with this

2   order may result in the dismissal of this action.

3               SO ORDERED.

4   DATED:  November 22, 2010

5

6                                      _____
                                       KENDALL J. NEWMAN
                                       UNITED STATES MAGISTRATE JUDGE

7   step1678.14.kjn

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JIMMIE STEPHEN,

11              Plaintiff,                    No. 2:10-cv-01678 KJN P

12        vs.

13    FEDERAL RECEIVER J.C. KELSO,

14    et al.,

15                                            NOTICE OF AMENDMENT

16              Defendants.

17    _____/

18              Plaintiff hereby submits the following document in compliance with the court's

19    order filed _____:

20              _____      Second Amended Complaint

21

22    _____        _____

23    Dated                                Plaintiff

24

25

26