IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,                    No. 2:10-cv-01678 KJN P

    vs.

FEDERAL RECEIVER J.C. KELSO, et al.,

    Defendants.             ORDER

                              /

          On November 29, 2010, this court granted plaintiff's application to proceed in forma pauperis with leave to file a Second Amended Complaint, and denied without prejudice plaintiff's motion for appointment of counsel. On the same date, plaintiff filed another motion for appointment of counsel (Dkt. No. 18), and a document entitled, inter alia, "Exhaustion of Remedies" and "Imminent Danger Exception," referencing 28 U.S.C. § 1915(g) (Dkt. No. 19).

          Plaintiff's assertion of imminent danger has alerted this court to the fact that plaintiff was previously found ineligible to proceed in forma pauperis without a finding that he is "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g); otherwise, he must pay

////

////

1

the full filing fee in order to proceed.[1]  See Stephen v. Hernandez, Case No. 08-cv-0750 BEN BLM P (2008) (designating plaintiff as a three-strikes litigant and identifying six of plaintiff's prior cases that were dismissed as frivolous or for failure to state a claim).

In the present case, the court finds, nunc pro tunc, that plaintiff made a sufficient showing of imminent danger of serious physical injury under Section 1915(g), based on plaintiff's allegations that he was denied physician-recommended colon surgery premised on the confirmed finding of a polyp.  Accordingly, plaintiff may proceed in this case in forma pauperis.

The additional allegations set forth in plaintiff's current filing that he has been denied treatment for a lung condition may potentially, if administratively exhausted, be included in plaintiff's Second Amended Complaint.  See Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint).

Plaintiff's current motion for appointment of counsel adds no new information to the motion recently considered by the court.  Accordingly, for the reasons set forth in this court's order filed November 29, 2010 (Dkt. No. 17), plaintiff's motion for appointment of counsel will again be denied without prejudice.

////

---

[1] Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  The imminent danger "exception applies if the danger existed at the time the prisoner filed the complaint." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007).  "[T]he issue [under § 1915(g)] is whether the complaint, as a whole, alleges imminent danger of serious physical injury." Andrews, 493 F.3d at 1053 (citation omitted).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff, a three strikes litigant, has made a sufficient showing of alleged imminent danger of serious physical injury to proceed in this action in forma pauperis pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff's renewed motion for appointment of counsel (Dkt. No. 18) is denied without prejudice.

DATED: December 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tep1678.3strk.excep