IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,                    No. 2:10-cv-01678 KJM KJN P

    vs.

FEDERAL RECEIVER J.C. KELSO, et al.,          ORDER and

    Defendants.           FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis,[1] in this action alleging deliberate indifference to plaintiff's serious medical needs by defendants Hseith and Traquina. Plaintiff now moves for a preliminary injunction (Dkt. No. 25), wherein he seeks the following immediate relief: (1) that this court issue an order to show cause to the U.S. Marshal requiring an explanation why defendants Hseith and Traquina have not been served process; and (2) that this court issue a preliminary injunction "against defendants Hseith and

---

[1] Plaintiff, a "three-strikes" litigant, proceeds in this action in forma pauperis, based on the court's finding that plaintiff made a sufficient showing that he "under imminent danger of serious physical injury," pursuant to the exception of 28 U.S.C. § 1915(g). (Dkt. No. 21.) The court based this finding on "plaintiff's allegations that he was denied physician-recommended colon surgery premised on the confirmed finding of a polyp." (Id. at 2).

1

Traquina . . . [precluding them] from regular duties or decisions as to regular care [with the exception of] emergency situations . . . until after this lawsuit is [adjudicated]." Dkt. No. 25 at 2 (internal quotation marks omitted).

<u>Legal Standards</u>

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  Fed. R. Civ. P. 65; <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1422 (9th Cir. 1984); <u>Gon v. First State Ins. Co.</u>, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it.  <u>Dymo Indus. v. Tapeprinter, Inc.</u>, 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 129 S. Ct. 365, 375 (2008).  A Ninth Circuit panel has found, post-<u>Winter</u>, that this circuit's sliding scale approach, or "serious questions" test, survives "when applied as part of the four-element <u>Winter</u> test."  <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  <u>Id.</u>  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision pursuant to a trial on the merits.  <u>See</u> 11A Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule, this court is unable to issue an order against individuals who are not parties to the suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 111-12 (1969).

Discussion

On April 22, 2011, the court found that service of process was appropriate for defendants Hsieh and Traquina, and directed plaintiff to submit, within thirty days, the information necessary for the United States Marshal to serve process. (Dkt. No. 23.) The court has not yet received the required information.[2] Therefore, the court will again send plaintiff the pertinent forms required by the United States Marshal and, upon the court's receipt of the completed forms, will direct the Marshal to serve process on defendants Hsieh and Traquina. Plaintiff's request for a preliminary injunction (or order to show cause) directed to the United States Marshal is without merit.

Plaintiff's further request that this court issue a preliminary injunction against defendants Hseith and Traquina to limit the scope of their professional duties is also without merit. Plaintiff contends that he was seen by Dr. Hsieh on June 7, 2011, who improperly denied plaintiff prescription medications and a bottom-bunk "chrono," and, acting in retaliation, summoned a guard to reinforce Dr. Hseih's assessment that plaintiff had "just walked out" of his appointment. Plaintiff indicates that he has another colonoscopy scheduled for July 25, 2011. (Dkt. No. 25 at 2.)

---

[2] Although plaintiff states, both in his motion (Dkt. No. 25 at 1), and in a separate document filed June 7, 2011 (Dkt. No. 24), that he submitted the required information to prison authorities on April 27 or 28, 2011, for the purpose of mailing, the court has not received this information. The court notes, however, that defendants have nonetheless "appeared" in this action, by filing their denial of consent to the jurisdiction of the magistrate judge for all purposes. (Dkt. No. 27.)

Plaintiff does not identify the matters requiring the court's immediate attention. Plaintiff does not articulate why he believes a preliminary injunction is required at this time in order to prevent an event or circumstance that would impair the court's ability to grant effective relief in this action.  Fed. R. Civ. P. 65.  In the absence of a specific allegation of irreparable harm, preliminary injunctive relief is unwarranted.  <u>Cottrell</u>, 632 F.3d at 1131-32.  Moreover, because defendants have not yet been served process in this action (<u>but</u> <u>see</u> n.2, <u>supra</u>), the court is technically without jurisdiction to render an injunctive order against them.  <u>Zenith Radio Corp.</u>, 395 U.S. at 111-12 .

Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the Second Amended Complaint filed December 6, 2010 (Dkt. No. 22).

2. Within fourteen days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents, and submit the following documents to the court:

    a.  The completed Notice of Submission of Documents;

    b.  One completed summons;

    c.  One completed USM-285 form for each of the two defendants (Hsieh and Traquina); and

    d.  Three copies of the endorsed Second Amended Complaint filed December 6, 2010 (Dkt. No. 22).

3. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4, without payment of costs.

////

////

In addition, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for a preliminary injunction (Dkt. No. 25) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

step1678.MtnPI.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

        Plaintiff,                               No. 2:10-cv-01678 KJM KJN P

    vs.

FEDERAL RECEIVER J.C. KELSO,
et al.,                                        NOTICE OF SUBMISSION

        Defendants.                     OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ completed summons form

        _____ completed USM-285 forms

        _____ copies of the Amended Complaint

_____                     _____
Date                                                             Plaintiff