1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JIMMIE STEPHEN,

11            Plaintiff,                    No. 2:10-cv-01678 KJM KJN P

12        vs.

13   FEDERAL RECEIVER J.C. KELSO,
     et al.,
14
              Defendants.            ORDER
15   _____/

16

17            Plaintiff is a state prisoner proceeding without counsel and in forma pauperis, has

18   filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a

19   United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20   This order addresses plaintiff's motion for disqualification (ECF 34), and both the magistrate

21   judge's findings and recommendations dated June 29, 2011 (ECF 30), and February 3, 2012

22   (ECF 53).

23            Plaintiff moves for disqualification of the undersigned district judge.  (ECF 34.)

24   Pursuant to 28 U.S.C. § 455, a district judge shall disqualify herself in any proceeding in which

25   her impartiality might reasonably be questioned or where she has a personal bias or prejudice

26   concerning a party.  28 U.S.C. §§ 455(a), (b)(1).

1

1    Plaintiff asserts that the undersigned, when serving as a magistrate judge,

2    demonstrated "bias and prejudice" when presiding over another of plaintiff's cases, *Stephen v.*

3    *Zhang*, Case No. 2:09-cv-1516 MCE KJM P.  Plaintiff directs the court's attention to decisions

4    that: (1) required plaintiff to pay the filing fee, due to his "three strikes" status under the Prison

5    Litigation Reform Act, 28 U.S.C. § 1915(g) (*id.*, ECF 12); and (2) recommended dismissal of the

6    action for failure to pay such fee (*id.*, ECF 17).  The district judge adopted the findings and

7    recommendations.  (*Id.*, ECF 22).  Plaintiff appealed.

8    On April 15, 2010, the Ninth Circuit Court of Appeals denied the appeal but

9    noted that the document plaintiff had filed in the appellate court "makes more detailed

10   allegations as to the possibility of imminent serious bodily harm than the complaint that was

11   filed in the district court.  Respondent is not precluded from filing another action in the district

12   court or from seeking leave to amend this action to attempt to raise these claims." (*Id.*, ECF 29

13   (Court of Appeal decision (Case No. 94-80280)); *see also* docket herein, ECF 34 at 4-5.)  The

14   undersigned thereafter granted plaintiff's request to reopen the case, and granted plaintiff's

15   application to proceed in forma pauperis.  That action now proceeds on plaintiff's Second

16   Amended Complaint, filed April 27, 2010.[1]

17   The instant action proceeds before the current magistrate judge.  The court found

18   that plaintiff could proceed in forma pauperis under the exception to the "three strikes" provision

19   of the Prison Litigation Reform Act.  (ECF 21.)  Plaintiff nonetheless contends that the

20   undersigned's "'impartiality' is 'questioned' by plaintiff" because "the '9th Circuit' had to

21   'order' [the undersigned] to allow plaintiff to 'amend' [in *Stephen v. Zhang*, Case No. 2:09-cv-

22   1516 MCE KJM P]. . . ." (ECF 34 at 2.)  However, as set forth above, plaintiff had submitted

23   new information to the appellate court; upon review of that information, the undersigned granted

---

24

25   [1] After the appeal, plaintiff moved to disqualify the undersigned from participating in *Stephen v. Zhang*, Case No. 2:09-cv-1516 MCE KJM P.  (*Id.*, ECF 71.)  The motion was denied as moot by the magistrate judge temporarily assigned to the case at the time.  (*Id.*, ECF 87.)  The

26   instant motion is thus entitled plaintiff's "Second Motion to Recuse."

plaintiff's application to proceed in forma pauperis.  The undersigned finds no basis for disqualification in this matter.  28 U.S.C. § 455.

On June 29, 2011, and February 3, 2012, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty-one days. (ECF 30; ECF 53.)  Neither party has filed objections to these findings and recommendations.

The court thus presumes that any findings of fact are correct.  *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the file, the court finds both findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for disqualification, filed July 7, 2011 (ECF 34), is denied.

2.     The findings and recommendations filed June 29, 2011 (ECF 30), are adopted in full.

3.     Plaintiff's motion for a preliminary injunction (ECF 25) is denied.

4.     The findings and recommendations filed February 3, 2012 (ECF 53), are adopted in full.

5.     Defendants' motion to dismiss (ECF 31), is granted in part and denied in part; plaintiff's claims for damages against defendants in their official capacities are dismissed; defendants' motion to dismiss defendant Traquina is denied.

6.     Plaintiff's request (ECF 41) for leave to file his proposed Amended Supplemental Complaint (ECF 42) is granted, and Dr. Wenneker is added as a defendant.

7.   Plaintiff is granted leave, retroactively, to file a comprehensive Third Amended Complaint against defendants Hsieh, Traquina and Wenneker, and the Third Amended Complaint docketed is deemed timely filed.[2]

8.   Plaintiff's motions for preliminary injunctive relief (ECF 47, ECF 51) are denied.

DATED:   March 31, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2]   The magistrate judge recommended that, if plaintiff failed to timely file a Third Amended Complaint, this action should proceed on plaintiff's Second Amended Complaint (ECF 22), and Amended Supplemental Complaint (ECF 42).  However, plaintiff filed his Third Amended Complaint on February 16, 2012.  (*See* ECF 54.)

4