IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,

    Plaintiff,                                  No. 2:10-cv-1678 KJM KJN P

    vs.

FEDERAL RECEIVER J.C. KELSO, et al.,

    Defendants.                           ORDER

_____/

        On May 22, 2012, this court informed plaintiff, who proceeds in this civil rights action in forma pauperis and without counsel, that it would duly consider a further request for appointment of counsel. The court reasoned (Dkt. No. 58 at 2-3):

> Plaintiff, who is now incarcerated at San Quentin State Prison, has twice requested appointment of counsel, which the court has denied. (See Dkt. Nos. 10, 17, 18, 21.) However, this action has recently survived the dispositive motion filed by defendants Hsieth and Traquina, and is now adding two additional defendants. All defendants are medical professionals. On the other hand, plaintiff's pleadings, notwithstanding guidance by the court, indicate that plaintiff has a limited capacity to articulate the factual and legal allegations underlying his claims and, therefore, to represent himself in this complicated medical action which will require the testimony of medical experts. Therefore, plaintiff is invited to submit a further request for appointment of counsel that the court will duly consider. Plaintiff is again informed that, in Section 1983 actions, the court may request an attorney to voluntarily represent a plaintiff only in exceptional circumstances,

1

which include consideration of plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved, and the likelihood of plaintiff's success on the merits of his action. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Pursuant to his instant request for appointment of counsel, plaintiff states under penalty of perjury that his claims are putatively meritorious, evidenced by surviving defendants' motion to dismiss; that plaintiff's incarceration, lack of resources, and lack of education and experience handicap him in the prosecution of this complex medical action, which "may require depositions, extensive documentary evidence, [and] access to witnesses," including expert witnesses, and the possibility of presenting this case to a jury. (Dkt. No. 59 at 3-4.) Plaintiff states that, in addition to the practical difficulties in pursuing this action pro se, he is unqualified to represent himself in response to "[i]ssues like qualified immunity, affirmative defenses, standards of review, [and] burdens of proof. . . ."

Based on the reasons currently set forth by plaintiff and previously identified by the court, and pursuant to the authorities previously cited, the court finds that appointment of counsel is warranted. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel (Dkt. No. 59) is granted; and

2. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating forthwith an attorney admitted to practice in this court who is willing to accept the appointment.

DATED: June 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

step1678.31.appt.cnsl.